UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUMITRA GANGAVARAM,

    Plaintiff,

v.                                        Case No: 8:24-cv-01203-KKM-SPF

SAI JYOTHSNA DEVI KONDAPI,

    Defendant.
_____

## ORDER GRANTING MOTION TO DISMISS

    Sumitra Gangavaram sues Sai Jyothsna Devi Kondapi for breach of a loan agreement, or in the alternative, for money lent or unjust enrichment. Kondapi moves to dismiss the complaint for lack of personal jurisdiction, or alternatively to transfer this action to the United States District Court for the Northern District of Illinois. Gangavaram fails to show that Kondapi has sufficient minimum contacts with Florida to support jurisdiction under the Due Process Clause of the Fourteenth Amendment. Because the court lacks personal jurisdiction, Kondapi's motion to dismiss is granted.

**I.    BACKGROUND**

    This is an action about a loan dispute. On August 23, 2023, Gangavaram and Kondapi signed a $4 million loan agreement. Compl. (Doc. 1) ¶ 5; (Doc. 1-2). Gangavaram transferred the agreed-upon sum to Kondapi the next day. *Id.* ¶ 6. The loan agreement required Kondapi to make monthly interest payments (7% annually) and had a repayment date of November 30, 2023. *Id.* ¶¶ 7–8. Although Kondapi made the required interest payments, Gangavaram alleges that none of

the $4,000,000 principal was ever repaid. *Id*. ¶ 9. After unsuccessfully demanding payment, Gangavaram sued, alleging breach of contract, or in the alternative, money lent or unjust enrichment. *Id.* ¶¶ 10–12, 15–26. Kondapi moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), or alternatively, to transfer the action under 28 U.S.C. § 1404(a). MTD (Doc. 18).

## II. LEGAL STANDARD

It is "almost axiomatic that a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction, meaning it must present enough evidence to withstand a motion for a directed verdict." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021). If the plaintiff carries that burden, the defendant may "submit[] non-conclusory affidavits to controvert the allegations in the complaint," at which point "the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." *Id.* "[W]hen the complaint and plaintiff's affidavits conflict with the defendant's affidavits," the court must "draw all reasonable inferences in favor of the plaintiff." *Id.* If the defendant prevails, the remedy is dismissal without prejudice. *Morris v. SSE, Inc.*, 843 F.2d 489, 496 n.11 (11th Cir. 1988).

## III. ANALYSIS

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024) (alterations accepted and quotations omitted). Thus, Gangavaram must show that jurisdiction comports with both Florida's long-arm statute and the Due Process Clause of the Fourteenth

Amendment. Gangavaram cannot clear the second hurdle. Therefore, it need not be addressed whether Florida's long-arm statute establishes jurisdiction over her.

### A. Exerting Jurisdiction over Kondapi Does Not Comport with the Due Process Clause

The exercise of personal jurisdiction must satisfy the Due Process Clause. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).[1] In a specific jurisdiction case, the Due Process analysis consists of three requirements: (1) the "plaintiff's claims [must] arise out of or relate to at least one of the defendant's contacts with the forum"; (2) the defendant must "purposefully avail[] himself of the privilege of conducting activities within the forum state"; and (3) "the exercise of personal jurisdiction [must] comport[] with traditional notions of fair play and substantial justice." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1229 (11th Cir. 2023) (quotations omitted).

Gangavaram must establish that she meets the first two requirements. *Id*. If she does, Kondapi "must then make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quotations omitted).

### 1. Gangavaram's Claims Arise Out of Kondapi's Contacts with Florida

The first step of the Due Process analysis focuses on "the direct causal relationship between the defendant, the forum, and the litigation" and requires that at "least one of defendant's contacts" relates to the claim. *Louis Vuitton*

---

[1] There are two forms of personal jurisdiction, general and specific. General jurisdiction exists for an individual in their domicile and extends to any claim, and specific jurisdiction can be exercised only when the claim itself "arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (alterations accepted and quotations omitted). A nonresident defendant must have sufficient minimum contacts with the forum state. *See id.* at 126. Since Kondapi is not a Florida resident, only specific jurisdiction is at issue.

*Malletier, S.A., v. Mosseri*, 736 F.3d 1339, 1355–56 (11th Cir. 2013) (quoting *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010)). Though Kondapi's contacts with Florida are meager, "at least one" relates to the claim—she entered into and allegedly breached a loan agreement with a Florida resident. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. Therefore, Gangavaram's claim arises out of Kondapi's contact with Florida through the loan agreement.

### 2. Kondapi Has Not Purposefully Availed Herself of the Privilege of Doing Business in Florida

Purposeful availment involves contacts that "proximately result" from a defendant's actions and create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A "substantial connection" involves "deliberately . . . engag[ing] in significant activities within a State or . . . creat[ing] continuing obligations between himself and residents of the forum." *Id.* at 475-76 (quotations omitted).

Florida's state courts have addressed the precise issue presented here many times. In *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989), the leading Florida case on this point, the Florida Supreme Court held that "we do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant." Indeed, "Florida courts have repeatedly found the nonpayment of a debt, whether pursuant to the terms of a promissory note or for the purchase of goods, without more, to be insufficient to sustain personal jurisdiction over a nonresident defendant." *deMCO Techs., Inc. v. C.S. Engineered Castings, Inc.*, 769 So.2d 1128, 1130 (Fla. 3d DCA 2000); *see also Blankenship v. Interim Servs., Inc.*, 700 So.2d 429, 432 (Fla. 3d DCA 1997) (holding that nonresident's failure to pay under the terms of a license, franchise and loan

4

agreement was not enough to establish minimum contacts); *Grp. One Enterprises, Inc. v. Publishers' Representative, Inc.*, 899 So. 2d 402 (Fla. 4th DCA 2005) (finding no personal jurisdiction in a breach of contract action (among other tort claims) since the only activity to be performed in Florida under the contract was payment); *Bohlander v. Robert Dean & Assocs. Yacht Brokerage, Inc.*, 920 So. 2d 1226 (Fla. 3d DCA 2006) (concluding there were insufficient minimum contacts when nonresident defendant never entered Florida for purposes of the contract with a Florida resident which he allegedly breached).

Federal courts have taken a similar approach. The existence of a contract "between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process." *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990); *see also Walden v. Fiore*, 571 U.S. 277, 289–90 (2014) (a "mere injury to a forum resident" is insufficient for purposes of minimum contacts); *Pac. Coral Shrimp v. Bryant Fisheries*, 844 F. Supp. 1546, 1549 (S.D. Fla. 1994) (holding that a breach of contract for failure to pay a Florida resident, without having employees or offices in Florida, did not establish minimum contacts).

Though a contract alone is insufficient to establish personal jurisdiction, courts will consider "prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010) (citing *Burger King*, 471 U.S. at 479). None of these considerations weigh in favor of a finding that Kondapi has purposefully availed herself of the privilege of doing business in Florida.

Kondapi does not have any relationship with Florida other than the loan agreement. Kondapi never came to Florida for reasons related to the loan, as the agreement itself was "sent" to Florida for execution. Paidela Decl. ¶ 6. Kondapi's visits to Florida included several business meetings and a visit to Gangavaram's home, all of which were unrelated to the loan agreement. Kondapi Decl. ¶ 8. These do not suggest "continuing obligations" or "significant activities," such that Kondapi purposefully availed herself of the privilege of doing business with Florida, since they are minimal and unrelated to the cause of action. *See Burger King*, 471 U.S. at 475-76.

Besides payment to a Florida citizen, the loan agreement itself does not require Kondapi to engage in any activities with Florida. Unlike in the unpublished case *Kasparov v. Schnorenberg*, cited by Gangavaram, Kondapi took no actions related to the loan that would subject her not only to civil liability but also criminal liability, such as tendering a worthless check to avoid default on the loan. No. 15-cv-093, 2016 WL 8846261, at *6 (M.D. Fla. Aug. 16, 2016). In *Kasparov*, the defendant's intentional act subjected him to criminal liability and constituted the necessary additional "related substantial act in Florida." *Id*. Nothing of the sort exists here. Therefore, Kondapi has not purposefully availed herself of the privilege of doing business in Florida.

Gangavaram contends that Kondapi should have foreseen litigation arising in Florida because Gangavaram's Florida address was listed on the loan agreement. But the defendant must direct a purposeful act to the forum state—a "mere awareness" by the defendant that an action may be felt in the forum state is

6

not enough. *Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990) (citing *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (1987)).

In sum, Gangavaram has not shown that Kondapi purposefully availed herself of the privilege of doing business in Florida. Thus, exercising jurisdiction over Kondapi does not comport with due process.[2]

## IV. CONCLUSION

Because the Court lacks personal jurisdiction, this action must be dismissed without prejudice. *Morris*, 843 F.2d at 496 n.11. Even if there had been personal jurisdiction, the Court would have been inclined to transfer the action pursuant to 28 U.S.C. § 1404(a). But given this ruling, Kondapi's alternative request to transfer the action is moot.

Accordingly, the following is **ORDERED:**

1. Kondapi's Motion to Dismiss (Doc. 18) for lack of personal jurisdiction is **GRANTED**.

2. The Clerk must **CLOSE** this case and **ENTER JUDGMENT** for Kondapi and against Gangavaram, which shall read "This action is dismissed without prejudice."

---

[2] Because Gangavaram fails to carry her burden at step two of the Due Process test, the court need not determine whether Kondapi has made a "compelling case" that exercising personal jurisdiction would violate notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. And although such considerations "may in exceptional cases serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required," *Madara*, 916 F.2d at 1519 (citing *Burger King*, 471 U.S. at 477), Gangavaram has never argued that this is an exceptional case.